UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DOUGLAS BEATTY, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>GUS PASSARO/WAYNE POST OFFICE,<br><br>    Defendants. | Civ. No. 17-11613 (KM) (JBC)<br><br>OPINION |

### KEVIN MCNULTY, U.S.D.J.:

Plaintiff, Douglas Beatty, Jr., is a letter carrier for the United States Postal Service ("USPS").[1] He was involved in a physical altercation with his supervisor. USPS attempted to have him removed, but an arbitrator ruled in his favor. As a condition of his return, however, Mr. Beatty was obligated to attend counseling sessions. Near his return date, USPS and Mr. Beatty disputed whether he had completed the counseling, and he was temporarily barred from returning for a period of a few days. That dispute was summarily resolved by an arbitrator, who awarded Mr. Beatty back pay for the days he was not allowed to return. Mr. Beatty, *pro se*, filed suit in small claims court in New Jersey, seeking to challenge in part, enforce, or supplement the arbitration award(s). The defendants, USPS (referred to by Mr. Beatty in his complaint as "Wayne Post Office") and Gus Passaro, a postmaster, removed that action to this Court. For the reasons below, I will grant the unopposed motion of USPS and Passaro for summary judgment.

---

[1] I treat the USPS and the Wayne Post Office, named in the complaint, as equivalent.

1

I.   **Summary**[2]

Mr. Beatty has worked for USPS as a letter carrier for approximately 19 years. (SoF ¶ 6.) On September 17, 2016, while working at the Post Office in Wayne, New Jersey, Mr. Beatty got into a physical altercation with his supervisor, Eric Martinez. (*Id.* ¶ 7.) Martinez suffered injuries that required medical treatment in an emergency room. (*Id.* ¶ 11.)

USPS and the National Association of Letter Carriers ("NALC"), Mr. Beatty's union, have a collective bargaining agreement, which outlines a grievance arbitration process to resolve all disputes regarding the terms and conditions of employment for carriers like Mr. Beatty. (*Id.* ¶¶ 1–5.) The matter went to arbitration. The arbitrator found that Mr. Beatty pushed Mr. Martinez twice, but that he did so in self-defense and as a result of provocation by Martinez. (*Id.* ¶ 8.)

Mr. Beatty was placed in "emergency placement off-duty (unpaid) status" beginning September 17, 2016. (*Id.* ¶ 9.) On October 20, 2016, USPS issued Mr. Beatty a notice of removal charging him with unacceptable conduct and with violating the "Zero-Tolerance Policy" against workplace violence. (*Id.* ¶ 10.) NALC challenged the removal, and a hearing occurred on March 30, 2017. (*Id.* ¶ 12.) On June 3, 2017, the arbitrator found that Mr. Beatty had violated several sections of the Postal Service's Employee and Labor Relations Manual, as well as other policies. Nevertheless, the arbitrator reduced the removal to time served with no back pay "in light of the mitigating circumstances of obvious provocation present in this case," and taking into account that Mr. Beatty was a long-term employee with no prior disciplinary actions. (*Id.* ¶ 14.)

---

[2]   Because Mr. Beatty has not filed his own statement of facts, this section is largely based on defendants' statement of facts and other documents accompanying their brief. For ease of reference, I will cite to the following items as:

| | |
|---|---|
| Cplt. = | Small Claims Complaint (Contract, Security Deposit, Rent, or Tort) (ECF no. 1, ex. A) |
| SoF = | Statement of Facts Not in Dispute Pursuant to Local Civil Rule 56.1 (ECF no. 3) |

2

However, the arbitrator conditioned reinstatement on the completion of counseling sessions by Mr. Beatty. (*Id.* ¶ 15.)

When Mr. Beatty was set to return to work, a disagreement arose over whether he had complied with that condition—specifically over whether he provided sufficient documentation of completion of the sessions from a social worker. (*Id.* ¶ 16.) Mr. Beatty claimed he was ready to return to work as of June 26, 2017, but USPS disagreed and would not allow him to return until July 7, 2017. (*Id.* ¶¶ 17–18.) An arbitrator resolved the issue via teleconference on July 6, 2017 and ruled that Mr. Beatty would receive back pay for the period of June 26, 2017 to July 6, 2017. (*Id.* ¶ 20.) The issue of vacation days (raised later, in this action) was not addressed either in the award or at the teleconference. (*Id.* ¶ 21.)

On October 17, 2017, Mr. Beatty filed an action in the Superior Court of New Jersey, Law Division, Special Civil Part, Small Claims Section, demanding $2,589.29 and the restoration of three vacation days, which he claims "were taken from [him]." (Cplt.) He also states that Mr. Passaro and USPS failed to pay him what he was owed pursuant to the arbitration award. (*See id.*)[3] Meanwhile, on October 24, 2017, USPS issued a check to Mr. Beatty in the amount of $1,163.11, the net amount of back pay he was owed after taxes and other withholdings. (*Id.* ¶¶ 24, 28; *see also* ECF no. 3, ex. 6, ¶ 3 ("Declaration of Yasmin Green").)

Mr. Beatty has not filed any additional grievances with the arbitrator regarding the back pay. (*Id.* ¶ 29.) Defendants removed the small-claims action to federal court. (ECF no. 1.) They filed a motion to dismiss or in the alternative for summary judgment. On May 8, 2018, I gave Mr. Beatty twenty-one days to

---

3    The descriptive section of the complaint reads, in its entirety:

Very simple. I was awarded backpay from June 26, 2017 thru July 7, 2017 plus 3 vacation days that were taken from me, must be returned. This was a settlement by an arbitrator. Mr. Passaro and his post office have failed to pay me. It's been over 5 months now.—I have the arbitration agreement that Mr. Passaro and the Wayne Post Office has not adhered to. (Cplt.)

3

show cause for his failure to respond and that wanted him that unless he did, the defendants' motion could be treated as unopposed and granted. (ECF no. 4.) Mr. Beatty has not replied. Service of the order by mail has been returned as undeliverable, and there has been no update of Mr. Beatty's address. I will consider the motion as unopposed.

## II. Discussion

### a. Standard of Review

Defendants move to dismiss the complaint, or in the alternative for summary judgment. Because the defendants' motion relies on documents, such as the collective bargaining agreement, that are not attached to the pleadings, I have out of caution elected to treat it as a motion for summary judgment.

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material act and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (explaining that summary judgment is appropriate where "there is no genuine issue of material fact to be resolved and the moving party is entitled to judgment as a matter of law}; Alcoa, Inc. v. United States, 509 F.3d 173, 175 (3d Cir. 2007). Summary judgment is desirable because it eliminates unfounded claims without resort to a costly and lengthy trial, Celotex, 477 U.S. at 327, but a court should grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

However, if a party fails to address the other party's properly supported assertion of fact, the court may consider "grant[ing] summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." Fed R. Civ. P. 56(e). Local Civil Rule 56.1(a) deems a movant's statement of material facts undisputed where a party

does not respond or file a counterstatement. L. Civ. R. 56(a). A failure to dispute a party's statement of material facts, however, "is not alone a sufficient basis for the entry of a summary judgment." *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990) (holding that even where a local rule deeming unopposed motions to be conceded, the court was still required to analyze the movant's summary judgment motion under the standard prescribed by Fed. R. Civ. P. 56(e)); *see also Muskett v. Certegy Check Servs., Inc.*, No. 08-3875, 2010 WL 2710555 (D.N.J. July 6, 2010) ("In order to grant Defendant's unopposed motion for summary judgment, where, as here, 'the moving party does not have the burden of proof on the relevant issues, . . . the [Court] must determine that the deficiencies in [Plaintiff's] evidence designated in or in connection with the motion entitle the [Defendants] to judgment as a matter of law.'" (quoting *Anchorage Assocs.*, 922 F.2d at 175)).

### b. Jurisdiction

28 U.S.C. § 1442(a)(1) permits the removal of "[a] civil action . . . that is commenced in a State court and that is against . . . [t]he United States or any agency thereof" to a district court of the United States. Because the party named in the complaint as "Wayne Post Office" would properly be sued as the United States Postal Service, I will deem this an action against the United States. It was therefore properly removed.

### c. Merits

Defendants list several reasons that judgment should be granted in its favor: First, Mr. Beatty has not met his burden of showing that the United States has waived its sovereign immunity for this type of action; Second, Mr. Beatty has not exhausted the grievance process as outlined in the collective bargaining agreement; Third, Mr. Beatty's claims are moot as he has already received his back pay from USPS. (ECF no. 3, at 1 (Memorandum of Law).)

Certain claims are new—*i.e.*, they are asserted for the first time in this action and were not the subject of the earlier arbitrations. The claim regarding vacation days apparently was not presented to the arbitrator. (SoF ¶ 21.) Mr.

5

Beatty was obligated by the collective bargaining between NALC and USPS to pursue his claims through the outlined grievance process before filing suit. The Postal Reorganization Act, 39 U.S.C. § 101 *et seq.*, allows certain non-preference eligible craft employees, of which Mr. Beatty is one (ECF no. 3, at 8), to enter into collective bargaining agreements establishing a grievance process for job-related claims. 39 U.S.C. § 1005(b). USPS and NALC have agreed to a process for resolving such grievances. (SoF ¶¶ 1–3.) Article 15 of the National Agreement between NALC and USPS outlines the steps and procedures an employee must take when he has "a dispute, difference, disagreement or complaint between the parties related to wages, hours, and conditions of employment." (ECF no. 3, ex. 5, at 67–78 (National Agreement).) "[W]here a collective bargaining agreement establishes a grievance procedure, an employee must at least attempt to exhaust such a process." *Podobnik v. U.S. Postal Service*, 409 F.3d 584, 594 (3d Cir. 2005), *abrogated on other grounds by Rotkiske v. Klemm*, 890 F.3d 422, 428 (3d Cir. 2018). Therefore, Mr. Beatty should have submitted his claims for additional vacation days to the arbitrator and exhausted the grievance process before filing in state court.

Mr. Beatty's other claim over back pay for the June 26 to July 6 period, in contrast, was the subject of the arbitration award. In his complaint, he claims that he was due back pay of $2,589.29 for that period.[4] (*See* Cplt.) This is slightly complicated by the fact that Mr. Beatty filed his small claims complaint on October 17, 2017, before his receipt of a check for $1,163.11 from USPS on October 24, 2017 and that he has not responded to the Order to Show Cause and shed more light on the nature of his claims. Mr. Beatty's complaint can be interpreted as either attempting (i) to enforce his arbitration award against USPS or (ii) to challenge the amount contained in the award itself.

If Mr. Beatty is attempting to enforce the back pay portion of the award, then the case is moot. USPS issued him a check for $1,1163.11 on October 24,

2017. (*Id.* ¶¶ 24, 28; *see also* ECF no. 3, ex. 6, ¶ 3 ("Declaration of Yasmin Green").) If USPS has properly subtracted taxes and other withholdings from the check and the gross amount satisfies the amount in the arbitration award, then USPS is correct that the back-pay portion of the case is moot. *See Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004) ("An offer of complete relief will generally moot the plaintiff's claim, as at that point the plaintiff retains no personal interest in the outcome of the litigation.").

But even if Mr. Beatty is attempting to challenge the amount he was awarded, his appeal must fail. Federal courts are limited in their ability to vacate an arbitrator's award in a labor dispute. *See* 9 U.S.C. § 10(a)(1)–(4) (allowing vacating under the Federal Arbitration Act only in cases of "corruption, fraud or undue means," "evident partiality or corruption in the arbitrators," procedural "misconduct," or "where the arbitrators exceed their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made"). "As long as the arbitrator's award 'draws its essence from the collective bargaining agreement,' and is not merely 'his own brand of industrial justice,' the award is legitimate." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987) (quoting *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960); *Exxon Shipping Company v Exxon Seamen's Union*, 801 F. Supp. 1379, 1384 (3d Cir. 1992)); *see also U.S. Postal Service v. Nat'l Ass'n of Letter Carriers*, 839 F.2d 146, 148–150 (3d Cir. 1988) (applying *Misco* to arbitration awards pursuant to collective bargaining agreements with USPS). Here, because there is no allegation or evidence of the kind of misconduct, corruption, or fraud that would merit the vacating of his award nor any suggestion that the arbitrator fashioned "his own brand of industrial justice," Mr. Beatty cannot have this Court review or supplement the amount the arbitrator awarded him.

Because Mr. Beatty had to adjudicate his grievance over vacation days with an arbitrator first, and because, as to his back pay, Mr. Beatty is unable

to pursue a claim against USPS, I will therefore grant summary judgment in favor of defendants.

### III. Conclusion

For the reasons set forth above, the defendants' motion (ECF no. 3) to dismiss the complaint or, in the alternative, for summary judgment is GRANTED.

An appropriate order follows.

Dated: June 26, 2018

Kevin McNulty
**United States District Judge**